# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-0351V
(not to be published)

| | |
|---|---|
| TAMARA KUYPERS,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: February 12, 2021<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Paul S. Dannenberg*, Huntington, VT, for Petitioner.

*Heather Lynn Pearlman*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On March 7, 2018, Tamara Kuypers filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a SIRVA. (Petition at 1). On May 26, 2020, a decision was issued awarding compensation to Petitioner based on the parties' stipulation. (ECF No. 60).

Petitioner has now filed a motion for attorney's fees and costs, dated November 16, 2020 (ECF No. 67), requesting a total award of $30,743.22 (representing $29,847.60

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

in fees and $895.62 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that Petitioner incurred out-of-pocket expenses in the amount of $400.00. (ECF No. 67-4). Respondent reacted to the motion on November 19, 2020, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. (ECF No. 69). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

# ATTORNEY FEES

### A. Attorney Rates

Petitioner requests the following rates for his attorney, Paul Dannenberg: $275 per hour for time billed between 2016 – 2018, and $284 per hour for time billed between 2019 – 2020. (ECF No. 67 at 2). Mr. Dannenberg was previously awarded the rate of $275.00 per hour in *Witham v. Sec'y of Health & Human Servs.,* No. 17-1095V, 2019 WL 6652394 (Fed. Cl. Spec. Mstr. Nov. 26, 2019). In *Witham,* Mr. Dannenberg was also awarded the rate of $281 per hour for 2019. I find no cause to deviate from the rates that were previously awarded. Mr. Dannenberg is thus awarded the rates of $275 for time billed from 2016 – 2018. and the rate of $281 for time billed in 2019. For 2020, I find the requested rate of $284.00 to be reasonable and award it herein.

All time billed to the matter will otherwise be compensated. In light of my rate determinations, the overall request for attorney fees is reduced by **$79.80**.[3]

### B. Paralegal Tasks Billed at Attorney Rates

Upon review of the billing invoices it appears that there are several hours of time that Mr. Dannenberg billed on tasks that would be considered paralegal in nature. Attorneys may be compensated for paralegal-level work, but only at a rate that is comparable to what would be paid for a paralegal. *See, e.g. Mostovoy v. Sec'y of Health & Human Servs.,* No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Doe/11 v. Sec'y of Health & Human Servs.*, No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Riggins. v. Sec'y of Health & Human Servs.*, No. 99-382V, 2009 WL 3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Human Servs.*, No. 99-535V, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).

---

[3] This amount is calculated as follows: $284 - $281 = $3 x 26.60 hrs = $79.80.

Examples of these entries include the following:

- November 22, 2016 (0.30 hrs) "Draft number 9 statement";

- April 5, 2017 (0.10 hrs) "Draft med release";

- October 19, 2017 (0.10 hrs) "Draft records release";

- April 27, 2018 (0.30 hrs) "Letter to Rite Aid, draft fax, release";

- May 15, 2018 (0.30 hrs) "Letter to Momentum PT";

- July 17, 2018 (0.50 hrs) "Legal research, PA Subpoena process, servers"; and

- November 30, 2018 (0.30 hrs) "Let. To N. Shore Agency, re med records, check #1628."

(ECF No. 67-2 at 1-8).[4]

I shall award the rate of $135 per hour for tasks considered paralegal. This reduces the fees to be awarded by the amount of **$1,574.30**.[5]

## ATTORNEY COSTS

Petitioner requests $895.62 in overall costs, including $400.00 of which was paid by the Petitioner. (ECF No. 67 at 2). This amount includes the costs of obtaining medical records, postage and the Court's filing fee. On November 18, 2020, a scheduling order was filed requesting receipts for costs incurred be provided. (ECF No. 68). On December 9, 2020, Petitioner filed documents in response to the scheduling order. (ECF No. 70). Upon review of Petitioner's requested costs, there are several costs that Petitioner is requesting that are not compensable in the Vaccine Program. These include the costs associated with costs for faxing, telephone calls and those listed at "Witness Fee" and "Cancelation Fee".

---

[4] These are merely examples and not an exhaustive list.

[5] This amount is calculated as follows: ($275 - $135 = $140 x 10.2 hrs = $1,428) + ($281 – $135 = $146 x .90 hrs = $131.40) + ($284 – $135 = $149 x .10 hrs = $14.90) = $1,574.30.

4

Additionally, Petitioner did not supply appropriate documentation to support her request for specific costs. These cost include charges listed as "Sheriff Fee" for $100.00 and "Letter to N. Shore Agency, re med recs" for $136.04. The handwritten "deposit slip" provided from counsel is not a sufficient document to support any request for costs. Petitioner has also failed to supply documentation for other charges regarding USPS shipping costs.[6] Therefore, I must deny these costs.

This reduces the request for attorney costs in the amount of **$380.23**.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). **Accordingly, Petitioner is awarded the total amount of $29,108.89**[7] **as follows:**

- **A lump sum of $28,708.89, representing reimbursement for attorney's fees, in the form of a check payable jointly to Petitioner and Petitioner's counsel, and**

- **A lump sum of $400.00, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[8]

**IT IS SO ORDERED.**

<b><u>s/Brian H. Corcoran</u></b><br>
Brian H. Corcoran<br>
Chief Special Master

---

[6] These costs include what appear to be charges for associated stamps and shipping regarding mailing letters and requests for medical records.

[7] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir. 1991).

[8] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.